UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPHINE REYES,<br>　　　　Plaintiff,<br>　　v.<br>CITY OF LONG BEACH,<br>　　　　Defendant. | NO. CV 23-5873 DSF (KS)<br><br>MEMORANDUM AND ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

## INTRODUCTION

Josephine Reyes ("Plaintiff"), a California resident proceeding *pro se* and *in forma pauperis*, commenced this civil rights action on July 20, 2023, alleging that the Long Beach Police Department was unresponsive to her 911 call reporting an alleged assault. (Compl., Dkt. No. 1 at 1-3.)

On October 12, 2023, the Court issued a Memorandum and Order dismissing the Complaint for the failure to comply with Federal Rule of Procedure 8(a) and failing to state a

constitutional claim. (Dkt. No. 8.) The Court, however, granted Plaintiff leave to amend the Complaint to correct the identified deficiencies. (*Id.* at 7.)

Plaintiff timely filed her First Amended Complaint ("FAC") on November 9, 2023. (Dkt. No. 9.) The FAC again sues the City of Long Beach; however, Plaintiff also sues three additional individual defendants from the Long Beach Police Department in their official capacities—Public Records Administrator Tom Leary, Officer A, Ramos, and Officer F. Reyes. (*Id.* at 4-5.[1])

For the following reasons, the Court finds that the FAC contains fatal defects and must be dismissed.[2] However, in the interest of justice, the Court will again grant Plaintiff leave to amend.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a trial court may dismiss a claim *sua sponte* and without notice "where the claimant cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see also Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990) (adopting Ninth Circuit's position in *Omar* and noting that in such circumstances a *sua sponte* dismissal "is practical and fully consistent with plaintiffs' rights and the efficient use of judicial resources"). A court's authority in this regard includes *sua sponte* dismissal of claims against defendants who have not been served and defendants who have not yet answered or appeared. *See Abagnin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742-43 (9th Cir. 2008); *see also Reunion, Inc. v. F.A.A.*, 719 F. Supp. 2d 700, 701 n.1

---

[1] The page numbers cited by the Court refer to the numbers provided at the top right of each page by the Court's CM-ECF docketing system.

[2] Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

(S.D. Miss. 2010) ("[T]he fact that [certain] defendants have not appeared and filed a motion to dismiss is no bar to the court's consideration of dismissal of the claims against them for failure to state a claim upon which relief can be granted, given that a court may dismiss any complaint *sua sponte* for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6).").

In determining whether a complaint should be dismissed at screening, the Court applies the standard of Rule 12(b)(6): "A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (internal quotation omitted). Therefore, a plaintiff's factual allegations must be sufficient for the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.").

When a plaintiff appears *pro se* in a civil rights case, courts must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). However, in giving liberal interpretation to a *pro se* complaint, the court may not supply essential elements of a claim that were not initially pled, *Byrd v. Maricopa County Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011), and the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

//
//

## ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

The allegations in the FAC are similar to those in the initial Complaint. The only significant differences are that Plaintiff names the assailant who allegedly committed the assault (FAC at 1-2) and adds three individual defendants from the Long Beach Police Department (*id.* at 4-5).

In the FAC, Plaintiff again alleges that on January 31, 2023, Andrew "Andy" Castro, a man of Mexican American descent, walked up to Plaintiff's parked car yelling obscenities. Plaintiff rolled up her car window and called 911 to ask for protection. (*Id.* at 1.) Plaintiff waited for police to show up to no avail. (*Id.*) An hour later, at approximately 8 AM, Castro walked up to Plaintiff while she was standing in line outside of a food bank and pushed her. Plaintiff fell down onto the street and was unable to get up. (*Id.*) Plaintiff alleges that Castro is a regular customer at the food bank as is Plaintiff and that Castro would often make racist remarks towards Plaintiff that made her scared of him. (*Id.*)

Plaintiff further alleges that paramedics came and transported Plaintiff to the emergency department of St. Mary's Hospital in Long Beach where she was diagnosed with four fractures in her pelvis and lower back. (*Id.*) Plaintiff was admitted to the hospital where she alleges that she stayed for nine days. (*Id.* at 2.) Plaintiff alleges that she suffered intense pain and is still under orthopedic care. (*Id.*)

According to Plaintiff, the Long Beach Police showed up to the hospital and handed Plaintiff a crime report and asked if she would like to press charges for the assault. (*Id.*) Plaintiff asked the officers why they did not show up at the scene when she called, to which the officers responded that they were unable to find Plaintiff. (*Id.*) Plaintiff alleges that Long Beach Police also told her that there was no record of her 911 call despite her Verizon record showing that the 911 call she made lasted for 149 seconds and that she had a conversation with

the 911 operator. (*Id.*) Plaintiff avers that she was not in a position to be interviewed by the officers when she was in the emergency room. (*Id.*) Plaintiff further alleges that she later received a crime report that was full of inaccuracies and a letter notifying her that the case was closed. (*Id.*) Plaintiff subsequently submitted a complaint to Internal Affairs, but there has been no response as of yet. (*Id.*)

In sum, Plaintiff maintains that the Long Beach Police Department did not respond to Plaintiff's 911 call, ignored the severity of Plaintiff's plea for protection, and has not trained its officers to respond to life threatening calls. (*Id.* at 6.) Plaintiff also asserts that Defendant Tom Leary arbitrarily closed Plaintiff's case without further investigation and that the "excuse" Defendants Ramos and Reyes gave of not being able to find Plaintiff was "not acceptable" since the location where the assault occurred is in the same area as the police station. (*Id.*) In support of the allegations in the FAC, Plaintiff attached over 100 pages of exhibits, including medical records. (*Id.* at 8-133.)

Based on the above, Plaintiff requests $250,000 for "pain and suffering, emotional distress and permanent pain, disability, and enjoyment of life." Plaintiff also requests that her "health insurance should be subrogated." (*Id.* at 7.)

## DISCUSSION

I.   **The FAC Violates Federal Rule of Civil Procedure 8(a)**

The FAC again violates Rule 8. *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (finding that Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (finding that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and that "labels and conclusions

5

or a formulaic recitation of the elements of a cause of action will not do"). It appears Plaintiff is suing the City of Long Beach and Defendants Leary, Ramos, and Reyes because they did not adequately respond to her 911 call, they failed to prevent the assault, they questioned her about the incident at an inopportune time, they do not have a record of her 911 call, and they prematurely closed the investigation into the assault. (FAC at 6-7.) However, the FAC does not allege that any of these acts/omissions were constitutional violations or that they caused her injuries. Therefore, the Court is unable to clearly determine within the four corners of the FAC any constitutional violation that any of the defendants committed, and Plaintiff's FAC must be dismissed. *Omar*, 813 F.2d at 991; *see also Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994) (holding that municipal defendants cannot be held liable where no constitutional violation occurred).

## II.     The FAC Fails to State a Constitutional Claim

The allegations in the FAC are also insufficient for the Court to draw the reasonable inference that Defendants are liable for the alleged misconduct." *Cook*, 637 F.3d at 1004; *Twombly*, 550 U.S. at 545. For the same reasons that the FAC violates Rule 8, it also fails to state a constitutional claim because it alleges no constitutional violations against the City of Long Beach or Defendants Leary, Ramos, and Reyes. *Omar*, 813 F.2d at 991; *see also Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994) (municipal defendants cannot be held liable where no constitutional violation occurred).

Additionally, the FAC sues a municipal entity, City of Long Beach, as well as Defendants Leary, Ramos, and Reyes in their *official* capacities only. (FAC at 4-5.) Plaintiff's claims against Defendants Leary, Ramos, and Reyes in their official capacities are equivalent to claims against their employer, the City of Long Beach. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding that an "official capacity suit is, in all respects other than name, to be treated as a suit against the entity" and not against the official personally); *Will v. Mich. Dep't*

6

*of State Police*, 491 U.S. 58, 71 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978).  Thus, to support her official capacity claims, Plaintiff must allege facts sufficient to establish that a constitutional violation was committed pursuant to a "formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local government entity." *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992) (internal quotation omitted); *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, the entity's policy or custom must have played a part in the violation of federal law."); *Monell*, 436 U.S. at 694 (1978).  Plaintiff must allege facing showing that the policy was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

The FAC contains no allegations that the City of Long Beach or Defendants Leary, Ramos, and Reyes committed any act, unconstitutional or otherwise, pursuant to a longstanding practice or custom, or that the policy in question was the cause in fact and the proximate cause of any constitutional deprivation.  *Monell*, 436 U.S. at 694; *Gillette*, 979 F.2d at 1346; *Trevino*, 99 F.3d at 918; *see also Piccini v. City of San Diego*, No. 21-CV-01343-W-KSC, 2022 WL 2788753, at *2 (S.D. Cal. Jul. 15, 2022) ("[A] local governmental body may be liable if it has a policy of inaction and such inaction amounts to a failure to protect constitutional rights.").  Accordingly, Plaintiff's FAC must be dismissed.

**III.   Plaintiff is Granted Leave to Amend**

Despite the deficiencies identified in the FAC, it does not appear to the Court that further amendment would be futile.  See *Akhtar*, 698 F.3d at 1212 (finding that when a *pro se* complaint fails to state a claim, the court must give the *pro se* litigant leave to amend the complaint "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment"); *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1116 (9th Cir. 2014) ("Futility

of amendment can, by itself, justify the denial of a motion for leave to amend, [a]nd the district court's discretion in denying amendment is particularly broad when it has previously given leave to amend."). Thus, in the interest of justice, the Court finds that leave to amend is appropriate.

## CONCLUSION

For the reasons stated above, the **FAC** is dismissed **with leave to amend**. If Plaintiff still wishes to pursue this action, she is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a Second Amended Complaint. In any amended complaint, Plaintiff shall cure the defects described above.

**Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the original Complaint.** Further, the Second Amended Complaint, if any, shall be complete in itself and shall bear both the designation "Second Amended Complaint" and the case number assigned to this action. **It shall not refer in any manner to Plaintiff's earlier pleadings**, and claims and allegations that are not expressly included in the Second Amended Complaint shall be deemed abandoned.

In any amended complaint, **Plaintiff may not rely on conclusory allegations of fact or formulaic recitations of applicable law**. Plaintiff shall articulate the legal claims she intends to bring, make clear the nature and grounds for each claim, and clearly and concisely explain the factual and legal basis for Defendant's liability. Plaintiff is strongly encouraged to utilize the Central District's standard civil rights complaint form when filing any amended complaint.

Any claim brought against the City of Long Beach and Defendants Leary, Ramos, and Reyes in their **official** capacities must allege that a constitutional violation was committed

pursuant to a formal governmental policy or a longstanding practice or custom. In particular, to establish a section 1983 claim against a local government entity for failing to act to preserve a constitutional right, a plaintiff must establish: (1) his or her constitutional right was violated; (2) the municipality had a policy; (3) the policy "amounts to deliberate indifference" to the plaintiff's constitutional right; and (4) the policy is the "moving force behind the constitutional violation." *Piccini*, 2022 WL 2788753, at *2 (quoting *Lockett v. City. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020)).

**Plaintiff's failure to timely comply with this Order may result in a recommendation of dismissal. If Plaintiff no longer wishes to pursue this action, in whole or in part, she may voluntarily dismiss it, or any portion of it, by filing a signed document entitled "Notice of Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).**

Finally, the Court acknowledges the difficulties that *pro se* litigants may face in federal court. Plaintiff may wish to avail herself of useful information for *pro se* litigants provided by the Central District's *Pro Se* Clinic at the following website, **http://prose.cacd.uscourts.gov/federal-pro-se-clinics**. The *Pro Se* Clinic provides free legal assistance to self-represented litigants in the United States District Court for the Central District of California and is located at the Edward R. Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Suite 170, Los Angeles, CA 90012.

DATE: November 28, 2023

_____
KAREN L. STEVENSON
CHIEF U.S. MAGISTRATE JUDGE

THIS MEMORANDUM IS NOT INTENDED FOR PUBLICATION NOR IS IT INTENDED TO BE INCLUDED IN OR SUBMITTED TO ANY ONLINE SERVICE SUCH AS WESTLAW OR LEXIS.