# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPHINE REYES,<br>  Plaintiff,<br><br>v.<br><br>CITY OF LONG BEACH, et al.,<br>  Defendants. | CV 23-5873 DSF (KS)<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

 Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint and Second Amended Complaint ("SAC"), the United States Magistrate Judge's screening orders regarding those complaints, the Report and Recommendation of the Magistrate Judge ("Report"), Plaintiff's Objections to the Report ("Objections"), and other relevant records on file.  The Court has conducted a de novo review of the portions of the Report to which Objections were directed.  Although not required, the Court briefly discusses the following points.  See United States v. Ramos, 65 F.4th 427, 434 (9th Cir. 2023) ("the district court ha[s] no obligation to provide individualized analysis of each objection"); Wang v. Masaitis, 416 F.3d 992, 1000 (9th Cir. 2005) (affirming a cursory district court order summarily adopting, without addressing any objections, a magistrate judge's report and recommendation).

 First, Plaintiff objects on the ground that she requested the summons to be issued, but the Report did not act on it.  (Dkts. 15, 18 at 1-2).  However, the Court does not issue summons until it is determined that the complaint or an amended complaint survives screening review.  See Martirosyan v. Baries, No. 2:21-CV-6433-PA-

MAR, 2022 WL 2189537, at *4 (C.D. Cal. May 2, 2022) (request to issue summons premature until screening process is complete); In re Lagmay, No. CIV. 15-00166 DKW, 2015 WL 3618557, at *1 (D. Haw. June 9, 2015) ("The Court will not direct issuance of a summons until Plaintiff has filed a cognizable claim for relief, and the Court orders a defendant to answer."). Here, the Magistrate Judge properly concluded—after giving Plaintiff multiple opportunities to cure defects—that the SAC violated Federal Rule of Civil Procedure 8(a) and failed to state a constitutional claim (Dkt. 17 at 5-7), determinations Plaintiff does not directly challenge in her Objections. See Thomas v. Arn, 474 U.S. 140, 149 (1985) ("The statute [pertaining to objections review] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection."). Accordingly, as no issue in the SAC has satisfied the screening pleading requirements, the request to issue the summons is unwarranted.

Second, Plaintiff objects that the Report did not discuss an unpublished federal district court decision from New Jersey that she cited in the SAC. (Dkt. 18 at 2). However, the Report was not required to discuss non-binding, out-of-circuit authority. See Mockovak v. Haynes, No. C18-0671JLR-MLP, 2021 WL 3133783, at *5 (W.D. Wash. July 23, 2021) ("[T]here is no requirement that the [Report] discuss every case cited by [a party], especially when [the] cases are out of circuit and thus not binding."), aff'd, No. 21-35634, 2022 WL 2156837 (9th Cir. June 15, 2022); see also Foreman v. Bank of Am., N.A., 401 F. Supp. 3d 914, 927 (N.D. Cal. 2019).

The Court overrules the Objections, accepts the Report, and adopts it as its own findings and conclusions.

/ / /

/ / /

/ / /

/ / /

Accordingly, it is ordered that:

1. The request to issue summons (Dkt. 15) is DENIED.

2. Judgment shall be entered DISMISSING this action with prejudice.

3. The Clerk serve this Order and the Report on all counsel or parties of record.

IT IS SO ORDERED.

Date: May 16, 2024

_____
Dale S. Fischer
United States District Judge